UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CAROL S. WILLIAMS** | * | **CIVIL ACTION:** |
| | * | |
| **VERSUS** | * | **SECTION** |
| | * | |
| **WAL-MART LOUISIANA, LLC** | * | **JUDGE** |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### NOTICE OF REMOVAL

**TO:** The Honorable Judges
of the United States District Court
for the Middle District of Louisiana

Defendant, Wal-Mart Louisiana, LLC ("Wal-Mart") files this Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1441, and hereby removes this matter from 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, to the docket of this Honorable Court on the grounds set forth below:

1. On July 6, 2015, Carol S. Williams filed this lawsuit against Wal-Mart Louisiana, LLC in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, bearing Case No. 640584, Section "26", and entitled *Carol S. Williams v. Wal-Mart Louisiana, LLC*. (*See* Plaintiff's Petition for Damages, attached hereto and marked for identification as Exhibit "A").

2. Wal-Mart was served with this petition on July 17, 2015 through its agent for service of process, CT Corporation. (*See* CT Corporation Service of Process Transmittal Notice and Citation attached hereto *in globo* and marked for identification as Exhibit "B".)

3. The suit seeks damages from Wal-Mart for personal injuries and damages allegedly sustained by the plaintiff as a result of an incident which occurred at the Wal-Mart Store located at 9350 Cortana Place, Baton Rouge, LA on June 30, 2015.

## II.  REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332.

4. 28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different States."

### A.   THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00.

5. The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000.00, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000.00 or (2) 'by setting forth *the facts* in controversy-preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (emphasis in original) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995)).

6. The Original Petition of plaintiff did not allege with particularity the nature plaintiff's alleged injuries, or the amount of medical expenses alleged to have been incurred by

plaintiff as a result of her injuries. In Paragraph 10 of the plaintiff's petition, have alleged that "…Petitioner shows federal court lacks jurisdiction over this matter, as the current amount in dispute does not exceed $75,000.00. In support, plaintiff shows that her medical bills to date are less than $1,000.00. This is not a stipulation as to damages, but rather an allegation as to the amount in controversy at the time of this filing."

7. On or about March 21, 2016, defendant received from plaintiff supplemental responses to defendant's interrogatories and request for production of documents. Responses included a report from neurosurgeon Dr. Anthony Iopollo dated February 4, 2016, in which Dr. Iopollo indicated that the plaintiff's lumbar MRI scan showed herniations at L4 and 5, along with facet arthropathy, and that he planned to refer her for transforaminal epidural injections at the L4 and L5 levels. (*See* report from Dr. Anthony Iopollo dated February 4, 2016, attached hereto and marked for identification as Exhibit "C".) Based on this report, it now appears that the plaintiff is claiming injuries and damages related to the Walmart accident that, if true, which the defendant vehemently denies, places the amount in controversy at an amount which exceeds the threshold value of $75,000.00, exclusive of interest and costs.

8. While Wal-Mart admits no liability, nor any element of damages, Wal-Mart has met its burden of showing that the amount in controversy is in excess of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs.

B. **COMPLETE DIVERSITY**

8. Wal-Mart Louisiana, LLC is a Delaware limited liability company with its principal place of business in Bentonville, Arkansas, and its sole member or owner being Wal-

Mart Stores East, LP, a Delaware limited partnership with its principal place of business in Bentonville, Arkansas and which is composed of two partners, namely WSE Management, LLC (GP) and WSE Investment, LLC (LP), both Delaware limited liability companies with their principal place of business in Bentonville, Arkansas. The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC, an Arkansas limited liability company with its principal place of business in Bentonville, Arkansas. The sole member of Wal-Mart Stores East, LLC is its parent company Wal-Mart Stores, Inc., a Delaware corporation with its principal place of business in Bentonville, Arkansas, which is a publicly held company.

9. Plaintiff is a resident of and domiciled in the Parish of East Baton Rouge, State of Louisiana.

10. Accordingly, there is complete diversity of citizenship between the Plaintiff and the only defendant.

11. This is a civil action over which the United States District Court for the Middle District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, *et seq.*, as the amount in controversy, evidenced by plaintiff's answers to interrogatories, exceeds SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and complete diversity exists between all adverse parties.

II. **WAL-MART HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.**

12. This Notice of Removal is being filed within thirty (30) days after receipt by Wal-Mart of plaintiff's supplemental discovery responses, which was the first time defendant could

have ascertained that this case is removable under 28 U.S.C. § 1446(b). This Notice of Removal is being filed within one year from the date of the filing of the plaintiff's original petition for damages.

13. Jurisdiction is founded in the existence of diversity jurisdiction under 28 U.S.C. § 1332, which grants federal courts concurrent original jurisdiction over claims where the matter in controversy exceeds the sum or value of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and is between citizens of different States.

14. The 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, is located within the Middle District of Louisiana pursuant to 28 U.S.C. § 98(a). Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

15. No previous application has been made by Wal-Mart in this case for the relief requested herein.

16. Pursuant to 28 U.S.C. § 1446(a), a copy of the Petition is attached hereto as Exhibit A. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Carol S. Williams, and a copy is being filed with the Clerk of Court for the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.

17. Petitioner, Wal-Mart Louisiana, LLC desires and is entitled to **trial by jury** of all issues herein

**WHEREFORE**, defendant, Wal-Mart Louisiana, LLC, hereby removes this action from the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, to the docket of the United States District Court for the Middle District of Louisiana.

Respectfully submitted,

s/ Sidney J. Hardy

**SIDNEY J. HARDY, ESQ. (#1938)**
**McCRANIE, SISTRUNK, ANZELMO,**
**HARDY, McDANIEL & WELCH, LLC**
909 Poydras Street, Suite 1000
New Orleans, LA 70112
Telephone: (504) 831-0946
Facsimile: (800) 977-8810
*Attorney for Wal-Mart Louisiana, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of March, 2016, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

s/ Sidney J. Hardy

**SIDNEY J. HARDY**