CAROL S. WILLIAMS                         No: 640584 ; SEC: **SEC. 26**

Versus                                    19th JUDICIAL DISTRICT COURT

WAL-MART LOUISIANA, LLC                   PARISH OF EAST BATON ROUGE

                                          STATE OF LOUISIANA

**PETITION FOR DAMAGES**
with MOTION FOR EX PARTE PROTECTIVE ORDER

COST OK $ 470
JUL 06 2015
DEPUTY CLERK OF COURT

**NOW INTO COURT**, through undersigned counsel, comes Petitioner, CAROL S. WILLIAMS, being of the full age of majority, and a resident of and domiciled in the PARISH OF EAST BATON ROUGE, STATE OF LOUISIANA, who respectfully represents that:

1.

Made defendants herein are:

WAL-MART LOUISIANA, LLC, hereinafter sometimes referred to as " WAL-MART," a Non-Louisiana limited liability company, licensed to do in and doing business in the State of Louisiana, and having it's agent for service of process designated as CT Corporation Systems, 5615 Corporate Blvd., Suite 400B Baton Rouge, LA. 70808

2.

Defendant, WAL-MART, is liable unto petitioner in an amount that is just and reasonable in the premises, with legal interest thereon from the date of judicial demand until paid, and for all costs of these proceedings, for the following, to wit:

3.

On or about JUNE 30, 2015, at approximately 4:08 PM petitioner was a customer in the WAL-MART store located a at 9350 Cortana Place, Baton Rouge, Louisiana, 70815, Parish of East Baton Rouge, State of Louisiana.

4.

The subject WAL-MART has two main entrances, wherein one entrance directs customers to the grocery side of the store and the other entrance directs customers to the general merchandise side of the store. Regardless of which entrance a customer selects, the customer must traverse through a foyer before coming to the doors which allow the customer onto and in the operational portion of the store.

5.

On the same date and location set forth above, Petitioner entered the store through the

Certified True and Correct Copy
eCertID: 000201166
Dianna J. Manning
East Baton Rouge Parish
Deputy Clerk of Court
Generated Date:
7/14/2015 11:01 AM
Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).
EBR3028935

Exhibit A

entrance which is closest to the general merchandise as opposed to the grocery side, wherein petitioner traversed safely and without incident through the foyer and approached the automatic doors which granted entrance into the store from the foyer and upon entering the operational portion of the store and taking just a few steps, petitioner slipped and fell in water which was on the floor at the entrance.

6.

At all times hereto, Petitioner traversed from the parking lot, through the foyer and into the store in a reasonable manner and did nothing to increase the risk of her falling.

7.

Petitioner shows that at or near the time of her fall, it had been raining outside and that WAL-MART.

8.

Petitioner shows that subsequent to her fall, she learned that a WAL-MART employee was at or near the entrance with a mop, having either recently mopped the area, or was about to mop the area. Petitioner shows that no wet-floor sign was displayed in the immediate area, of which would be sufficient to provide her sufficient warning of the hazard.

9.

Petitioner shows that WAL-MART is liable for the above-described fall, and the negligence or fault or both of WAL-MART caused Petitioner to fall, in the following non-inclusive respects:

A) Failure to maintain a safe environment for their customers;

B) Failure to warn of the dangerous condition;

C) Failure to properly train and instruct employees in maintaining a safe environment for customers;

D) Creating an unsafe and hazardous condition;

E) Failure to repair the dangerous condition;

F) Failure to have a mat or other like material in place at the entrance to absorb or prevent water from accumulating on the floor;

G) Facilitating and/or contributing to creating the hazard of water accumulating on the floor by bringing in shopping carts from the parking lot and failing to dry them prior to being presented to customers to bring into the store;

H) Having the existence of the subject water for such a period of time that had WAL-

Certified True and Correct Copy
eCertID: 000201166
Dianna J. Manning
East Baton Rouge Parish
Deputy Clerk of Court
Generated Date:
7/14/2015 11:01 AM
Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

MART been acting as a prudent merchant, it would have learned of and remedied the hazard;

I) Having direct and/or constructive knowledge of the unreasonably dangerous and unsafe condition and failing timely remedy the problem;

J) Any other acts of negligence, omissions, or fault that shall be discovered and shown at the trial of this matter.

10.

Petitioner remains under the care of her physicians and her condition is not yet at maximum medical improvement. However, to the extent that defendant would attempt to file a notice of removal in federal court, petitioner shows federal court lacks jurisdiction over this matter, as the current amount in dispute does not exceed $ 75,000.00. In support, plaintiff shows that her medical bills to date are less than $ 1,000.00. This is not a stipulation as to damages, but rather an allegation as to the amount in controversy at the time of this filing.

11.

## REQUEST FOR EX PARTE PROTECTIVE ORDER

Petitioner shows that the subject WAL-MART is equipped with surveillance cameras which likely captured the subject incident from multiple vantage points. Petitioner shows that the subject surveillance video is a crucial and key piece of evidence which Petitioner requires in order to meet her burden of proof. Petitioner shows that it is necessary that an ex parte Protective Order be granted such that it may be served upon WAL-MART with this Petition for Damages, wherein WAL-MART is Ordered to preserve the subject surveillance video for a period of 30 minutes prior to the subject accident occurring through 30 minutes after the petitioner leaves the scene of the accident.

12.

Petitioner shows the subject video to be relevant to Petitioner's investigation of the subject accident and if a Protective Order does not issue and WAL-MART destroys, loses, or otherwise disposes of the subject video, Petitioner suffers irreparable harm in that she may lose the best evidence to prove her case.

13.

Petitioner shows that she has sufficiently pled the situs, time and date of the subject accident, such that WAL-MART can retrieve the subject video, further showing that WAL-MART is aware of the subject accident in that members of the management team assisted petitioner and had her



Certified True and Correct Copy
eCertID: 000201166
Dianna J. Manning
East Baton Rouge Parish
Deputy Clerk of Court
Generated Date:
7/14/2015 11:01 AM
Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

complete a "Customer Statement" post accident.

14.

Petitioner shows that per the La Supreme Court's opinion in *Bell v Treasure Chest Casino, LLC*, February 22, 2007 950 So.2d 654, 2006-1538 (La. 2/22/07), the subject video, being the video of an actual accident, is not impeachment video and as such is subject to being produced immediately in Discovery. Immediate production allows the parties to determine a meritorious cause of action from a non-meritorious cause of action and supports the public policy of resolving cases without the necessity of judicial intervention. For this reason, Petitioner additionally moves this Honorable Court for an Order commanding the subject surveillance video be produced to Petitioner within fifteen (15) days of the service of the Petition for Damages and ex parte Protective Order.

15.

Petitioner respectfully requests written notice to counsel ten (10) days in advance of the date fixed for trial or hearing on any exception, motion, rule or trial on the merits in this proceeding pursuant to Louisiana Code of Civil Procedure article 1572, and plaintiffs further request pursuant to Louisiana Code of Civil Procedure articles 1913 and 1914 immediate notice to their counsel of all interlocutory and final orders and judgments on any exceptions, motions, rules or trial on the merits in these proceedings.

16.

WHEREFORE, petitioner prays that defendant WAL-MART, be duly cited and served with this Petition for Damages, that it be required to appear and answer same within the delays provided by law, and that after all due proceedings are had there be judgment rendered herein in favor of petitioner and against defendants for all such damages as are reasonable in the premises, with legal interest thereon from date of judicial demand until paid, for all costs of these proceedings, and for all other general and equitable relief.

*Signature and service information follows this page.*



Respectfully Submitted,

BEALL & THIES, LLC
351 St. Ferdinand Street
Baton Rouge, LA 70802
Tel: (225) 383-4999  Fax: (225) 214-3599

Russell W. Beall, La Bar Roll No. 27374
William W. Thies, La Bar Roll No. 27890


Certified True and Correct Copy
eCertID: 000201166

Dianna J. Manning
East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
7/14/2015 11:01 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

| | |
|---|---|
| CAROL S. WILLIAMS | No: _____ ; SEC: "____" |
| Versus | 19th JUDICIAL DISTRICT COURT |
| WAL-MART LOUISIANA, LLC | PARISH OF EAST BATON ROUGE |
| | STATE OF LOUISIANA |

**ORDER**

**IN CONSIDERATION OF** the *ex parte* MOTION FOR PROTECTIVE ORDER attached to and included within the PETITION FOR DAMAGES,

**IT IS HEREBY ORDERED,**

A. WAL-MART LOUISIANA, LLC. shall preserve any and all surveillance video capturing the event alleged in the above Petition for Damages. To the extent that it is available, the preserved video shall commence approximately thirty (30) minutes prior to the subject accident and shall continue until thirty (30) minutes after the plaintiff exits the scene.

B. WAL-MART LOUISIANA, LLC, shall provide the Plaintiff a copy of the preserved surveillance video no later than Fifteen (15) days from the service of the Petition for Damages.

DONE by my hand, this ____ day of __July__, 2015.



JUDGE, 19th Judicial District Court

**PLEASE SERVE:**

**WAL-MART LOUISIANA, LLC**
through its agent for service of process
C T Corporation System
5615 Corporate Blvd., Ste. 400B
Baton Rouge, La 70808



Certified True and Correct Copy
eCertID: 000201166

Dianna J. Manning
East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
7/14/2015 11:01 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).